## ROBERT PINKNEY *v.* THE STATE.

1. EVIDENCE — PRACTICE.— The same rules which, in criminal actions, govern the admissibility in evidence of depositions are made by statute applicable to the written testimony of a witness at an examining trial.   Those rules require that oath be made to the existence of some one or more of the facts contained in article 772 of the Code of Criminal Procedure.   Such oath need not be made in the form of an affidavit, nor is a formal independent oath necessary, but the fact may be proved by the testimony of witnesses, as any other fact in the case.

2. SAME.— The statement of the witness B. that he "did not know where D. was" was not sufficient to qualify the written testimony of D. as competent.   Nor was it sufficient that the court explained

" that attachments for the party had been issued to several counties, and returned not found," and that he "appeared to be a railroad hand with no permanent place of abode, and the State had no reasonable expectation of ever being able to procure his attendance.

APPEAL from the District Court of Bell. Tried below before the Hon. B. W. RIMES.

The indictment charged the offense of forgery, and the trial resulted in conviction, with two years in the penitentiary assessed as punishment.

Otto Berwitz testified for the State that on or about July 20, 1881, the defendant was indebted to him in the sum of six dollars, and presented the witness a railroad time check, with request that the witness deduct his account and pay him the balance; which the witness did. The defendant told the witness that he had worked on section 25 of the Gulf, Colorado and Santa Fe Railway; that William Dumphy was foreman of that section, and had issued the time check to him. The witness replied that he had seen several time checks issued by Dumphy, but that the present one was not in his handwriting. The defendant said that Dumphy's wife usually made them out, but that this one was drawn up by Dumphy himself. The witness took the check to Dumphy, who denied having issued it, and refused to pay it. The witness identified the check shown him as the one he got from the defendant. It reads as follows:

"From J. M. F.

"Gulf, Colorado and Santa Fe Railway, Sec. 25, July 19, 1881. This is to certify that R. L. Pinkney, a laborer, has worked 22 days in the month of July, at $1.35 per day, total $29.70. Retain for board $10.50 for Mrs. Dumphy. Balance due $19.20. Received of master of transportation. Identification papers conveying amount of above.                    Conductor.

                                                      Agent.

          "William Dumphy, Foreman of Sec. 25."

The witness did not know the whereabouts of Dumphy at this trial.

The written testimony of Dumphy, taken at the examining trial and certified by the magistrate, reads as. follows: "I know the defendant Robert Pinkney. He worked for me on section 25 of the Gulf, Colorado and Santa Fe Railway part of the months of May and June,. for which I paid him in full. I did not execute a time check to the defendant in the month of July, 1881, and I did not execute the time check which is here presented, and identified by the witness Burwitz. I did not authorize any one to sign such a check for me. It is not signed by my wife. It is not in her handwriting."

*Walton & Hill*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State..

White, P. J. With regard to the admissibility in evidence on the final trial of written testimony taken on the examining trial, the statute makes the same rules applicable as are provided for the reading of depositions in criminal actions. Code Crim. Proc. art. 774. And it is provided that depositions " *shall not be read unless oath be made* that the witness resides out of the State; or that since his deposition was taken the witness has died; or that he has removed beyond the limits of the State; or that he had been prevented from attending the court through the act or agency of the defendant, or by the act or agency of any person whose object was to deprive the defendant of the benefit of the testimony; or that by reason of age or bodily infirmity such witness cannot attend." Code Crim. Proc. art. 772.

Oath must be made of the existence of one or more of the facts above stated as a predicate to the introduction of such testimony. This oath is not required to be made in the form of an affidavit, though such form would do;

nor is any formal independent oath necessary; *but an oath* as to the fact relied upon *must be made* in some way. It may be made and proved by the testimony of a witness, as any other fact in the case. *Post* v. *State,* 10 Texas Ct. App. 579. An oath as to the fact, or proof of the fact by a witness under oath, is indispensable. Without this the evidence is indispensable. *Ballinger* v. *State,* 11 Texas Ct. App. 323.

In the case before us the court, over objection of defendant, permitted the prosecution to read in evidence the testimony of Wm. Dumphy, taken on the examining trial, without requiring the statutory oath as to any one of the facts making such evidence legal, and no witness examined testified to facts sufficient to establish the predicate,— the only evidence at all approaching the matter being the statement of the witness Otto Burwitz, that "witness did not know where Dumphy was." This was not sufficient. Nor does the explanation given by the judge to defendant's bill of exceptions obviate the difficulty. The fact "that attachments for the party had been issued to several counties and returned not found," nor the fact that witness "appeared to be a railroad man, without any permanent place of abode, and the State had no reasonable expectation of ever being able to procure the attendance of said witness," cannot do away with the necessity for the statutory oath.

Because the court erred in admitting the testimony without a proper predicate, the judgment is reversed and the cause remanded

*Reversed and remanded.*